## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ASHLEY LEONARD, | : | **CIVIL ACTION** |
|  | : |  |
| Plaintiff, | : | **NO.  2:16-cv-01130-CB** |
|  | : |  |
| v. | : |  |
|  | : |  |
| ABC FINANCIAL SERVICES, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

### STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order dated effective as of November 16, 2016, is entered into by and between Plaintiff, Ashley Leonard and Defendant, ABC Financial Services, Inc. ("ABC") and Plaintiff and ABC are herein after referred to in this Agreement each as a "Party" and collectively as the "Parties."

WHEREAS, Plaintiff instituted the above-captioned action against ABC in the United States District Court for the Western District of Pennsylvania, Case No. 2:16-cv-01130-CB, asserting claims for violations of the Telephone Consumer Protection Act (the "Action");

WHEREAS, settlement discussions and disclosure and discovery activity in the Action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action and potential settlement thereof would be warranted; and

WHEREAS, by this Agreement, the Parties seek to facilitate the exchange, submission, and use of documents and information, while preserving and maintaining the confidentiality of any trade secrets or other confidential or proprietary information contained in the documents and information exchanged, submitted, and/or used in connection with the Action;

NOW THEREFORE, the Parties, by and through their respective counsel, and intending to be legally bound, hereby acknowledge and agree that:

1.     In this Agreement, the Parties use the term "document" in its broadest sense, including without limitation, agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; voice mail; electronic mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.

The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

2.     A Receiving Party is a Party that receives materials from a Producing Party

3.     A Producing Party is a Party or non-party that produces materials in this Action.

4.     A Designating Party is a Party that designates information or items that it produces or discloses as "Confidential."

5.      "Confidential Information or Items" shall be limited to those materials that a Producing Party believes in good faith to be trade secrets or other confidential or proprietary information, including, but not limited to, sensitive business and financial information.

6.      Protected Material shall mean any materials disclosed during the course of discovery, settlement negotiations, or otherwise in connection with the Action, that is designated as "Confidential."

7.      Designation in conformity with this Agreement requires that the Producing Party affix the term "Confidential" the every page of any document that contains Protected Material. Any deposition testimony must be designated as Confidential in writing by reference to specific page and line numbers within 14 days of receipt of the deposition transcript.

8.      Protected Material and the information contained therein shall be treated as confidential and shall not be disclosed or used for any purpose except in connection with the prosecution, defense, or settlement of the Action and any subsequent appeal.

9.      Except upon the prior written consent of the Producing Party, upon an order of the Court, or upon the order of a court of competent jurisdiction, the Protected Material which is designated as "Confidential" shall not be produced, shown, disseminated, discussed, or disclosed except to the following persons:

(a)      Counsel of record in the Action, other attorneys at counsel of record's law firm, in-house counsel for the Parties, if any, and any other attorneys engaged in connection with the Action;

(b)      Employees and paralegals for the attorneys identified above in Subparagraph 13(a), who assist counsel in connection with the Action;

(c)      Outside experts and consultants retained by any Party or its counsel in good faith in connection with the Action;

(d)      Current employees or agents of the Party that produced the Protected Material;

(e)      Witnesses, to the extent such disclosure is reasonably necessary to obtain testimony from the witness;

(f)      Stenographic reporters engaged in connection with the Action;

(g)      Employees of outside copy services used to make copies of Protected Material;

(h)      The Court and its staff, or the judge and staff of another court of competent jurisdiction; and

(i)      The Parties.

Before receiving access to any of the Protected Material that is produced or otherwise disclosed by an opposing Party, each person described in Subparagraphs 13(c), above shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall agree in writing to be bound by its terms by signing a Declaration in the form attached as Exhibit 1. If such person does not agree to be bound by this Agreement, disclosure of Protected Material is prohibited, absent an order of the Court.

A Party may object to the designation of particular Protected Material or by giving written notice to the Producing Party designating such Protected Material. If the status of the Protected Material or information cannot be mutually resolved within ten (10) days after receipt of the notice, it shall be the obligation of the Receiving Party to file an appropriate application requesting that the Court rule that the disputed Protected Material was improperly designated as

Protected Material. Disputed as designated under the terms of this Agreement unless and until the Court provides a contrary written ruling.

10.     Nothing in this agreement shall prevent any Party from using Protected Materials at trials, hearings, or in brief or submissions to the Court. To the extent that a Receiving Party seeks to use any Protected Material, or information contained therein, produced by the Producing Party, in any filing with the Court, the Receiving Party shall follow the Local Rules of Court for filing documents under seal. The Producing Party shall bear all responsibility to justify that any such documents should be sealed from public disclosure or to seek additional protections related to the use of documents at trial or at a hearing.

11.     Within sixty (60) calendar days after final conclusion of the Action, and any appeals, each Party or its counsel, as applicable, shall destroy or return to the Producing Party or its counsel, as applicable, the Protected Material and all copies of those documents in the possession, custody, or control of the Party, its counsel, his or her clients, and all consulting and testifying experts. Each Party or its counsel, as applicable, shall certify in writing that all such documents and copies thereof have been returned to the producing Party. Notwithstanding the foregoing, any documents that counsel for the Receiving Party believes in good faith to constitute attorney work-product need not be destroyed or returned to the Producing Party, provided, however, that the Receiving Party and its counsel continues to maintain the confidentiality of such documents consistent with the terms of this Stipulated Protective Order.

13.     The terms of this Agreement may be modified only in writing signed by all Parties, or by counsel on behalf of their respective clients. The Court shall retain to right to modify, amend or annul this agreement as appropriate in the interest of justice.

14.     In the event of inadvertent disclosure to a Party of any document that is at the time it was produced, the disclosure of such document shall not affect the right of designating even though such documents or information may relate to the same transaction or subject matter as the document inadvertently disclosed, provided, however, that re-designation occurs within a reasonable period of time after the error was discovered by the Producing Party

WHEREFORE, the undersigned have executed this Agreement for, on behalf of, and with the express authorization and approval of the Parties.

**KIMMEL & SILVERMAN, PC**

30 East Butler Pike
Ambler, PA 19002
215.540.8888

ralbenese@creditlaw.com

*Attorneys for Plaintiff, Ashley Leonard*

By: */s/ Richard Albanese*
      Richard Albanese

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC**

United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
215.564.1700

mmetz-topodas@cohenseglias.com

*Attorneys for Defendant, ABC Financial Services, Inc.*

By: */s/ Michael Metz-Topodas*
      Michael Metz-Topodas
      *Pro Hac Vice Admission Pending*

SO ORDERED this _____ day of _____


_____,
      The Honorable Cathy Bissoon, U.S.D.J.

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY LEONARD, | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | **NO.  2:16-cv-01130-CB** |
| | : | |
| v. | : | |
| | : | |
| ABC FINANCIAL SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Western District of Pennsylvania in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

<u>Name</u>:  _____

<u>Job Title</u>:  _____

<u>Employer</u>:  _____

Business Address: _____

_____

_____

Date: _____

Signature: _____