IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1130 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ABC FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion for Summary Judgment (Doc. 37) will be denied. Although Defendant seeks judgment under the "no reasonable juror" standard, disputes of material fact remain regarding whether or not Plaintiff communicated to Defendant's client, Gold's Gym ("the Gym"), that she no longer consented to Defendant calling her. In the final page of its Reply, Defendant argues, for the first time, that it should not be charged with knowledge of communications made between Plaintiff and the Gym. But, earlier in its briefing, Defendant acknowledged, and relied on, the fact that communications between the Gym and its customers were memorialized in *Defendant's* computer system. *See* Def.'s Br. (Doc. 38) at 2, 4-5 (citing evidence to this effect, and arguing that, had Plaintiff told Gym representative(s) that she no longer consented to being called, standard practice/policy would be for the representative(s) to record this information in Defendant's computer system).[1] As was the case in McBride v.

---

[1] Defendant has not identified legal authority regarding the extent to which a payment processing company, like itself, may be charged with knowledge of communications-had between a plaintiff and its client (*i.e.*, the ultimate billing entity). Given Defendant's acknowledgement that it was privy to such information, through a unified computer system, the Court does not reach this issue.

Ally Financial, discrepancies between Plaintiff's sworn testimony and Defendant's business records present credibility determinations that cannot properly be resolved on summary judgment. *Id.*, 2017 WL 3873615, *1 (W.D. Pa. Sept. 5, 2017).

As also was the case in McBride, the facts presented here fall just short under the "no reasonable juror" standard. *Compare* discussion *supra with* Def.'s Reply (Doc. 49) at 5-6 (highlighting inconsistency between Plaintiff's testimony that she complained to a Gym-representative, on August 26, 2015, regarding "numerous calls" made by Defendant, despite the fact that, as of that time, she effectively had received only one telephone call from Defendant); Def.'s Br. (Doc. 38) at 4-6 (citing record evidence, largely unrefuted by Plaintiff, indicating that her primary concern/grievance was an "unfair" $40 charge assessed by *the Gym*, a matter regarding which Defendant had nothing whatever to do); *and id.* at 6 (quoting only recorded call between Plaintiff and Defendant, in which she stated: "I swear to God I'm going to make this a problem. And I'm going to get his [the gym representative's] &^$ [expletive] fired, and I'm going to get his [expletive] in trouble because I did not know [anything] about that [$40] annual fee. . . . I'm about to make this a problem because, like I said, I wasn't told. It's not fair."). Although constrained to deny summary judgment, lest it allow "bad facts to make bad law," the Court certainly hopes that Plaintiff's counsel have communicated to their client that a jury may respond unfavorably should it discern that the TCPA is being used as a "sword," rather than as a "shield." *Cf.* McBride, at *2 n.3. Likewise, Plaintiff should appreciate the distinct possibility that a factfinder's response, as relates to her lawsuit against Defendant (and not the Gym), may echo-back her own sentiments regarding the $40 fee. *See* Def.'s Br. at 6 (quoting Plaintiff's conclusion, "It's not fair. It's just not fair.").

Consistent with the foregoing, Defendant's Motion for Summary Judgment (**Doc. 37**) is **DENIED**.

IT IS SO ORDERED.

December 27, 2017                                       s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record